MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EDWIN RAMIRO BATEN ROJAS (A.K.A.
EDWIN), *individually and on behalf of others
similarly situated,*

*Plaintiff*,

-against-

PEARL DINER, INC. (D/B/A PEARL
DINER), JAMES COULIANIDIS,
EMANUEL COULIANIDIS, ALEXANDER
ALMONTE, and RUBEN DOE,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**


**COLLECTIVE ACTION UNDER**
**29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Edwin Ramiro Baten Rojas (a.k.a. Edwin)  ("Plaintiff Baten" or "Mr. Baten"),

individually and on behalf of others similarly situated, by and through his attorneys, Michael

Faillace & Associates, P.C., upon his knowledge and belief, and as against Pearl Diner, Inc. (d/b/a

Pearl Diner), ("Defendant Corporation"), James Coulianidis, Emanuel Coulianidis,  Alexander

Almonte, and  Ruben Doe, ("Individual Defendants"), (collectively, "Defendants"), alleges as

follows:

**<u>NATURE OF ACTION</u>**

1.      Plaintiff Baten is a former employee of Defendants Pearl Diner, Inc. (d/b/a Pearl

Diner), James Coulianidis, Emanuel Coulianidis, Alexander Almonte, and Ruben Doe.

2.      Defendants own, operate, or control a Diner, located at 212 Pearl Street, New York, New York, 10038 under the name "Pearl Diner".

3.      Upon information and belief, individual Defendants James Coulianidis, Emanuel Coulianidis, Alexander Almonte, and Ruben Doe, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the diner as a joint or unified enterprise.

4.      Plaintiff Baten was employed as a delivery worker and a dishwasher at the diner located at 212 Pearl Street, New York, New York, 10038.

5.      Plaintiff Baten was ostensibly employed as a delivery worker. However,  he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to cooking potatoes, preparing the pancake mix, cleaning the kitchen cactus mat's, mopping the floors, sweeping the diner, dishwashing, bringing up things from the basement up to the cooks in the kitchen, carrying down and stocking items in the basement  (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Baten worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Baten appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Defendants employed and accounted for Plaintiff Baten as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

9.      Regardless, at all relevant times, Defendants paid Plaintiff Baten at a rate that was lower than the required tip-credit rate.

10.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Baten's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

11.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Baten's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Baten at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

12.     Defendants' conduct extended beyond Plaintiff Baten to all other similarly situated employees.

13.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

14.     Plaintiff Baten now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

15.     Plaintiff Baten seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Baten's state law claims under 28 U.S.C. § 1367(a).

17.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Diner located in this district. Further, Plaintiff Baten was employed by Defendants in this district.

## PARTIES

### *Plaintiff*

18.     Plaintiff Edwin Ramiro Baten Rojas (a.k.a. Edwin) ("Plaintiff Baten" or "Mr. Baten") is an adult individual residing in Bronx County, New York.

19.     Plaintiff Baten was employed by Defendants at Pearl Diner from approximately February 18, 2019 until on or about October 17, 2019.

20.     Plaintiff Baten consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

### *Defendants*

21.     At all relevant times, Defendants owned, operated, or controlled a Diner, located at 212 Pearl Street, New York, New York, 10038 under the name "Pearl Diner".

22.     Upon information and belief, Pearl Diner, Inc. (d/b/a Pearl Diner) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 212 Pearl Street, New York, New York, 10038.

23.     Defendant James Coulianidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant James Coulianidis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant James Coulianidis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Baten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

24.     Defendant Emanuel Coulianidis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Emanuel Coulianidis is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Emanuel Coulianidis possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Baten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant Alexander Almonte is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Alexander Almonte is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Alexander Almonte possesses operational control over Defendant Corporation, an ownership

interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Baten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

26.     Defendant Ruben Doe is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Ruben Doe is sued individually in his capacity as a manager of Defendant Corporation. Defendant Ruben Doe possesses operational control over Defendant Corporation and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Baten, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

### *Defendants Constitute Joint Employers*

27.     Defendants operate a Diner located in the financial district of Manhattan in New York City.

28.     Individual Defendants, James Coulianidis, Emanuel Coulianidis, Alexander Almonte, and Ruben Doe, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, or control significant functions of Defendant Corporation.

29.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

30.     Each Defendant possessed substantial control over Plaintiff Baten's (and other similarly situated employees') working conditions, and over the policies and practices with respect

to the employment and compensation of Plaintiff Baten, and all similarly situated individuals, referred to herein.

31.     Defendants jointly employed Plaintiff Baten (and all similarly situated employees) and are Plaintiff Baten's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

32.     In the alternative, Defendants constitute a single employer of Plaintiff Baten and/or similarly situated individuals.

33.     Upon information and belief, Individual Defendants James Coulianidis, Emanuel Coulianidis, and Alexander Almonte operate Defendant Corporation as either an alter ego of themselves and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h) Other actions evincing a failure to adhere to the corporate form.

34.     At all relevant times, Defendants were Plaintiff Baten's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Baten, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Baten's services.

35.     During 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

36.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the diner on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

37.     Plaintiff Baten is a former employee of Defendants who was employed as a dishwasher and ostensibly as a delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

38.     Plaintiff Baten seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Edwin Ramiro Baten Rojas (a.k.a. Edwin)*

39.     Plaintiff Baten was employed by Defendants from approximately February 18, 2019 until on or about October 17, 2019.

40.     Defendants employed Plaintiff Baten as a dishwasher and ostensibly as a delivery worker.

41.     However, Plaintiff Baten was also required to spend a significant portion of his work day performing the non-tipped duties described above.

42.     Although Plaintiff Baten ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

43.     Plaintiff Baten regularly handled goods in interstate commerce, such as condiments and other supplies produced outside the State of New York.

44.     Plaintiff Baten's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Baten regularly worked in excess of 40 hours per week.

46.     From approximately February 18, 2019 until on or about October 17, 2019, Plaintiff Baten worked from approximately 7:00 a.m. until on or about 3:30 p.m., 7 days a week (typically 59.5 hours per week).

47.     Throughout his employment, Defendants paid Plaintiff Baten his wages in cash.

48.     From approximately February 18, 2019 until on or about October 17, 2019, Defendants paid Plaintiff Baten a fixed salary of $525 per week.

49.     For approximately four Sundays, Defendants did not pay Plaintiff Baten any wages for his work.

50.     Plaintiff Baten's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

51.     For example, Defendants required Plaintiff Baten to work an additional 30 minutes past his scheduled departure time everyday, and did not pay him for the additional time he worked.

52.     Although defendants granted  Plaintiff Baten a 30 minute meal period, they always interrupted it by requiring Plaintiff Bayton to work during the that time.

53.     Plaintiff Baten was never notified by Defendants that his tips were being included as an offset for wages.

54.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Baten's wages.

55.     Plaintiff Baten was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Baten regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Baten an accurate statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Baten, in English and in Spanish (Plaintiff Baten's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

59.     Defendants required Plaintiff Baten to purchase "tools of the trade" with his own funds—including a bicycle.

*Defendants' General Employment Practices*

60.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Baten (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage and overtime compensation as required by federal and state laws.

61.     Plaintiff Baten was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

62.     Defendants' pay practices resulted in Plaintiff Baten not receiving payment for all his hours worked, and resulted in Plaintiff Baten's effective rate of pay falling below the required minimum wage rate.

63.     Defendants habitually required Plaintiff Baten to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

64.     Defendants required Plaintiff Baten and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

65.      Plaintiff Baten and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

66.     Plaintiff Baten's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general diner work with duties, including the non-tipped duties described above.

67.      Plaintiff Baten and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

68.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Baten's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips

are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Baten and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71.     Defendants failed to inform Plaintiff Baten who received tips that Defendants intended to take a deduction against Plaintiff Baten's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72.     Defendants failed to inform Plaintiff Baten who received tips, that his tips were being credited towards the payment of the minimum wage.

73.     Defendants failed to maintain a record of tips earned by Plaintiff Baten who worked as a delivery worker for the tips he received.

74.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

75.     Defendants paid Plaintiff Baten his wages in cash.

76.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

77.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Baten (and similarly situated individuals) worked, and to avoid paying Plaintiff Baten properly for his full hours worked.

78.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

79.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Baten and other similarly situated former workers.

80.     Defendants failed to provide Plaintiff  Baten and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

81.     Defendants failed to provide Plaintiff Baten and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

82.       Plaintiff Baten brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

83.       At all relevant times, Plaintiff Baten and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

84.       The claims of Plaintiff Baten stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

85.       Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

86.       At all times relevant to this action, Defendants were Plaintiff Baten's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Baten (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

87.    At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

88.    Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

89.    Defendants failed to pay Plaintiff Baten (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

90.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

91.    Plaintiff Baten (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

92.    Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

93.    Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Baten (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

94.    Defendants' failure to pay Plaintiff Baten (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

95.    Plaintiff Baten (and the FLSA Class members) were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

96.      Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

97.      At all times relevant to this action, Defendants were Plaintiff Baten's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Baten, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

98.      Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Baten less than the minimum wage.

99.      Defendants' failure to pay Plaintiff Baten the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

100.    Plaintiff Baten was damaged in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

101.     Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

102.    Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Baten  overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

103.    Defendants' failure to pay Plaintiff Baten overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

104.    Plaintiff Baten was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

105.    Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

106.    Defendants failed to provide Plaintiff Baten with a written notice, in English and in Spanish (Plaintiff Baten's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

107.    Defendants are liable to Plaintiff Baten in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

108.    Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

109.    With each payment of wages, Defendants failed to provide Plaintiff Baten with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

110.    Defendants are liable to Plaintiff Baten in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

### RECOVERY OF EQUIPMENT COSTS

111.     Plaintiff Baten repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants required Plaintiff Baten to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his job, further reducing his wages in violation of the FLSA and NYLL.  29 U.S.C.  § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

113.    Plaintiff Baten was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Baten respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency

of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Baten and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Baten and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Baten's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Baten and the FLSA Class members;

(f)     Awarding Plaintiff Baten and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Baten and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Baten;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Baten;

(j)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Baten's compensation, hours, wages and any deductions or credits taken against wages;

(k)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Baten;

(l)     Awarding Plaintiff Baten damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages as applicable

(m)     Awarding Plaintiff Baten damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n)     Awarding Plaintiff Baten liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(o)     Awarding Plaintiff Baten and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(p)      Awarding Plaintiff Baten and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(q)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(r)     All such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff Baten demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

October 30, 2019

MICHAEL FAILLACE & ASSOCIATES, P.C.

By:      /s/ Michael Faillace
Michael Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
## Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

October 24, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Edwin Ramiro Baten Rojas

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                      24 de octubre 2019

*Certified as a minority-owned business in the State of New York*