

Adam E. Collyer
77 Water Street, Suite 2100
New York, New York 10005
Adam.Collyer@lewisbrisbois.com
Direct: 646.783.1723

June 19, 2020                                                                    File No. 47307.02

**<u>VIA ELECTRONIC FILING</u>**

The Honorable James L. Cott, U.S.M.J.
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Rojas v. Pearl Diner, Inc., et al.*
            <u>Docket No. 19-CV-10051 (GHW) (JLC)</u>

Dear Judge Cott:

We represent Defendant Pearl Diner, Inc. ("Pearl Diner") in the above-captioned matter. We write today on behalf of Pearl Diner and Plaintiff Edwin Baten Rojas (Plaintiff") to respectfully request that the Court approve the settlement reached in this matter between Plaintiff and Pearl Diner. Specifically, we ask that the settlement be approved and that this action be dismissed with prejudice as to Pearl Diner, with the right to restore the action in 90 days,[1] as the terms of the resolution here are fair and reasonable and in line with other settlements approved in this Court and in the Second Circuit.

      In this action, Plaintiff alleges, *inter alia*, that Pearl Diner failed to pay the minimum wage or the overtime premium for time worked in excess of 40 hours per week, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Plaintiffs further allege that Pearl Diner failed to provide them with wage notices in compliance with the Wage Theft Prevention Act terms of the NYLL. Additionally, because of Pearl Diner's alleged failure to pay overtime, Plaintiff asserts that the wage statements that were provided, to the extent they received wage statements, were not compliant with New York state law. Finally, Plaintiff alleges that he was required to purchase, without reimbursement, the "tools of the trade" for his position.

---

[1] As per Your Honor's recommendation at Docket No. 33.

ARIZONA • CALIFORNIA • COLORADO • CONNECTICUT • FLORIDA • GEORGIA • ILLINOIS • INDIANA • KANSAS • KENTUCKY
LOUISIANA • MARYLAND • MASSACHUSETTS • MINNESOTA • MISSOURI • NEVADA • NEW JERSEY • NEW MEXICO • NEW YORK
NORTH CAROLINA • OHIO • OREGON • PENNSYLVANIA • RHODE ISLAND • TEXAS • UTAH • VIRGINIA • WASHINGTON • WEST VIRGINIA
4850-0524-4864.1

The Honorable James L. Cott
June 18, 2020
Page 2

Pearl Diner expressly denies the claims made against it.

On December 6, 2019, this matter was referred to mandatory mediation through the Southern District of New York's ("SDNY") mandatory mediation program. Mediation was subsequently scheduled for March 6, 2020.

Prior to mediation counsel for Plaintiff and Pearl Diner engaged in a thorough settlement dialogue during which counsel for Plaintiff provided a thorough accounting of Plaintiff's alleged damages. As counsel for Plaintiff and Pearl Diner were making substantial progress towards a resolution, the March 6 mediation was postponed. On March 9, 2020, Plaintiff and Pearl Diner advised the Court that they had reached a settlement in principle.

Now, with settlement complete and the necessary documents fully executed, the parties request the Court issue one final order approving this settlement agreement, which is attached, as fair and reasonable. In this regard, Plaintiff and Pearl Diner represent to the Court that the Agreement: (a) is fair and equitable to all parties; (b) reasonably resolves a *bona fide* disagreement between the parties with regard to the merits of Plaintiffs' claims; (c) contains appropriate monetary consideration for Plaintiffs based on the claims they have raised; and (d) discontinues the action, with prejudice, and on consent. The parties and their counsel have considered that the interests of all concerned are best served by compromise, settlement, and dismissal of these claims with prejudice, in exchange for the consideration set forth in the Release. The Release is the result of arduous arms-length bargaining among the parties and reflects parties' desire to settle and compromise fully and finally all of Plaintiff's claims asserted in this case.

## I.     The Standard

It is well-established that "[c]ourts approve FLSA settlements where they are reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud v. Charles Schwab & Co.*, No. 14 Civ. 2712 (PAC), 2014 U.S. Dist. LEXIS 157205, at *10 (S.D.N.Y. Nov. 4, 2014); *Clark v. Ecolab Inc.*, No. 04 Civ. 4488 (PAC), 2010 U.S. Dist. LEXIS 47036, at *24 (S.D.N.Y. May 11, 2010); *Johnson v. Brennan*, 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at *35 (S.D.N.Y. Sept. 16, 2011); *Diaz v. E. Locating Serv. Inc.*, No. 10 Civ. 04082 (JCF), 2010 U.S. Dist. LEXIS 139136, at *15 (S.D.N.Y. Nov. 29, 2010); *deMunecas v. Bold Food LLC*, No. 09 Civ. 00440 (DAB), 2010 U.S. Dist. LEXIS 87644, at *17 (S.D.N.Y. Aug. 23, 2010). In particular, "[t]ypically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." *deMunecas,* 2010 U.S. Dist. LEXIS 87644, at *20. That is, as long as the FLSA settlement "reflects a reasonable compromise over contested issues, the settlement should be approved." *Id.* at *17.

The Honorable James L. Cott
June 18, 2020
Page 3

## II.        The Settlement Agreement Is Fair and Reasonable and Should Be Approved

"Before a court will find a settlement fair and reasonable, the parties must provide enough information for the court to examine the *bona fides* of the dispute." *Guareno v. Vincent Perito, Inc.*, No. 14-CV-1635 (PAC), 2014 U.S. Dist. LEXIS 144038, at *2 (S.D.N.Y. Sept. 26, 2014). Here, the Settlement Agreement was clearly "reached as a result of contested litigation to resolve *bona fide* disputes." *Aboud*, 2014 U.S. Dist. LEXIS 157205, at *10. Indeed, the settlement in this matter was only reached after the complaint was filed, Pearl Diner answered, and a mediation was scheduled. Prior to the mediation, Plaintiff and Pearl Diner engaged in settlement negotiations in an effort to avoid substantial litigation costs. The information exchanged provided significant insight into Pearl Diner's financial situation and the impact of a potentially large judgment if plaintiff were successful in certifying a class or collective action.

In this action, Plaintiff alleges that Pearl Diner[2] failed to pay Plaintiff in accordance with federal and state wage and hour laws. Specifically, Plaintiff, who was employed as a delivery driver at Pearl Diner at between February 19, 2018 and March 22, 2019, alleges that Pearl Diner did not record the hours he worked, compelled him to spend the majority of his time performing non-tipped duties, and underpaid him by refusing to pay overtime or the appropriate minimum wage. Plaintiff further alleges that because of this, Pearl Diner improperly applied the tip credit. Finally, Plaintiff alleges that Defendants failed to provide them with proper documentation under the Wage Theft Prevention Act as required by law, and failed to compensate him for purchase of necessary "tools of the trade."

In response, Pearl Diner maintains that Plaintiff did not actually work the number of hours he claims to have worked, and that Pearl Diner's time and payroll records, and the testimony of Plaintiff's former coworkers, would disprove Plaintiff's claims. Finally, Plaintiff himself rightfully benefitted from Pearl Diner's proper use of the tip credit, as he was able to keep substantial tips from clients to whom rendered excellent delivery service. Even assuming Pearl Diner did not keep perfect records, such alleged administrative failures are cured by Pearl Diner's proper payment for all hours worked.

Plaintiff seeks damages of $46,378.50. This number represents a best-case scenario of unpaid minimum wages, unpaid overtime, liquidated damages, wage notice damages, and other statutory penalties. Not surprisingly, Pearl Diner's calculations differ substantially and Pearl Diner is confident in its ability to credibly argue that Plaintiff was paid properly and credited all overtime hours worked. However, to present such a defense would entail moving forward with additional paper discovery and numerous depositions, which would consume substantial resources for an uncertain outcome. Thus, an agreement to pay Plaintiff $15,000.00 in one lump sum to resolve the claims at issue provides far more than Pearl Diner believes Plaintiff would have been paid and is a fair compromise based on the

---

[2] We only represent Pearl Diner in this matter and Pearl Diner is the only party to the settlement.

The Honorable James L. Cott
June 18, 2020
Page 4

risk that both parties face in moving forward in litigation. Plaintiff's attorneys' fees and costs are also accounted for in this total.

Given these disputed issues, both parties and their counsel submit that this settlement is fair and reasonable. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement"). In the instant case, the parties' arm's-length bargaining over the course of several weeks, as well as the ability to resolve the matter without either party incurring further substantial litigation costs, are factors that weigh in favor of finding this settlement fair and reasonable. Moreover, in this agreement, Plaintiff is only releasing his wage and hour claims, and the settlement agreement on these wage claims does not provide for confidentiality. This is a case in which the Court's discovery and mediation protocols worked in exemplary fashion by leading the parties to engage in an arm's length negotiation and approval of the settlement would support the Court's goals in adopting those programs.

That this action was styled as a class and collective action should not bar the approval of the settlement. Plaintiff has not moved to certify either a class or a collective in this case, and Defendants would have opposed any application to do so. The matter is not being resolved on a class-wide or collective basis, but only as to Plaintiff's claims. If other employees believe they have the basis for any claims, which Pearl Diner would dispute, there would be no impediment to their filing a different action and seeking all available relief in the appropriate jurisdiction.

## III.    The Attorneys' Fees and Costs Payable Under the Settlement Agreement Are Reasonable

The settlement agreement also provides for Plaintiff's counsel to receive $5,000 of the settlement payment. Plaintiff's counsel is receiving 1/3 of the settlement as attorneys' fees and costs.[3] As this Court and others have repeatedly held, "[c]ontingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Ramirez v. Greenside Corp.*, 2017 U.S. Dist. LEXIS 30527, at *9 (S.D.N.Y. March 3, 2017) (Pitman, J.), citing *Santos v. El Tepeyac Butcher Shop Inc.*, 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("courts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances"); *Rangel v. 639 Grand St. Meat & Produce Corp.*, No. 13-CV-3234 (LB), 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by the courts in this Circuit"); *Febus v. Guardian First Funding Group, LLC*, 870 F. Supp. 2d 337, 340-41 (S.D.N.Y. 2012) (Stein, D.J.) ("a fee that is one-third of the fund is typical" in FLSA cases).

---

[3] Plaintiff's counsel has attached time records and expenses as Exhibit A.

The Honorable James L. Cott
June 18, 2020
Page 5

      In line with this authority, the Plaintiff and Pearl Diner respectfully submit that Plaintiff's counsel's fee, which is one-third of the settlement, is reasonable and should be approved.

**IV.**   <u>**CONCLUSION**</u>

      For the foregoing reasons, it is respectfully requested that the Court approve the settlement in this matter as set forth above and in the Settlement Agreement, discontinuing the action with prejudice as to Pearl Diner.

      Thank you for your attention to this matter.

                   Respectfully,

                   /s/ Adam E. Collyer

                   Adam E. Collyer of
                   LEWIS BRISBOIS BISGAARD & SMITH LLP

                   Michael Faillace of
                   Faillace & Associates, P.C.

AEC/BP

4850-0524-4864.1