USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __6/23/2020__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                 :
EDWIN RAMIRO BATEN ROJAS,             :
*individually and on behalf of others similarly*   :
*situated*                  :
               Plaintiff,     :
               :     **ORDER**
         -v-             :
               :     19-CV-10051 (JLC)
PEARL DINER, INC. (D/B/A PEARL DINER),  :
JAMES COULIANIDIS, EMANUEL           :
COULIANIDIS, ALEXANDER ALMONTE, and :
RUBEN DOE,                 :
               :
               Defendants.   :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

       The parties in this wage-and-hour case have consented to my jurisdiction under 28 U.S.C. § 636(c) (Dkt. No. 30) and have now submitted a joint "fairness letter" (Dkt. No. 38) and a fully executed settlement agreement (Dkt. No. 38-2) for my approval under *Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in cases like this one brought under the Fair Labor Standards Act ("FLSA"), as they are "not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Souza v. 65 St. Marks Bistro*, No. 15-CV-327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  Having carefully reviewed the joint fairness letter submitted by the parties as well as the proposed settlement agreement, the Court finds that all of the terms of the proposed settlement (including the allocation of attorney's fees and costs) appear to be fair and reasonable under the totality of the circumstances (and in light of the factors enumerated in *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335

(S.D.N.Y. 2012)).[1]  Accordingly, the settlement is hereby approved.  Consistent with paragraph 7(a) of the settlement agreement, this action is dismissed with prejudice as to defendant Pearl Diner, with the right to restore this action within 90 days from the date all conditions set forth in paragraph 1(a) of the settlement agreement are fulfilled should defendant Pearl Diner fail to make payment of the full settlement amount (but should plaintiff fail to reinstate the action within 120 days from the date all conditions set forth in paragraph 1(a) are fulfilled, then he waives his right to reinstate the action).

Four other defendants are named in this lawsuit: James Coulianidis, Emanuel Coulianidis, Alexander Almonte, and Ruben Doe.  The docket reflects that these defendants have been served, Dkt. Nos. 19-22, but have not responded to the complaint.  Plaintiff is hereby directed to advise the Court whether he will be dismissing his claims against these defendants, or seeking a default judgment as against them, and must do so by filing a letter on the docket no later than **June 30, 2020**.

**SO ORDERED.**

Dated:  June 23, 2020
         New York, New York

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] The Court's approval of the allocation of attorney's fees should not be construed as an approval of the hourly rate of plaintiff's counsel.